IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| ALEC MCDONALD and | ) | |
| DANELLE MCDONALD, | ) | |
| | ) | Bankruptcy No. 15-00739 |
| Debtors. | ) | |

**RULING ON OBJECTION TO HOMESTEAD EXEMPTION**

This matter comes before the Court on the objection of Trustee Charles

Smith and Creditor Siouxland National Bank to the homestead exemption claim of

Debtors Alec and Danelle McDonald.  Wil Forker appeared for Debtors.  Charles

Smith appeared for himself as Chapter 7 Trustee.  Donald Molstad appeared for

Siouxland National Bank.  The parties stipulated to the relevant facts.  Trustee and

Debtors filed briefs.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Debtors lived in a home in Sioux City.  While living there, Debtors incurred

a business debt to Siouxland National Bank ("Siouxland").  Before selling their

home, Debtors purchased a new home.  Debtors then sold the old home, but

because they were underwater on the home, did not receive any proceeds from the

sale.  Later, Debtors filed this bankruptcy.

Debtors argue that under Iowa law the homestead exemption on their old

home automatically extends to their new home and prevents Siouxland from

enforcing its debt against the new home.  Trustee and Siouxland disagree.  They argue that Iowa law requires Debtors to purchase the new home with proceeds from the old home to get the benefits of the homestead exemption.

The Court concludes that the homestead exemption does not apply because Debtors did not use the proceeds from the sale of their old homestead to purchase their current home.  The Court sustains the Trustee and Siouxland's objection to Debtors' homestead exemption.

## STATEMENT OF FACTS

The parties agree on the facts, but disagree about how the law applies to those facts.  Debtors purchased a home at 1724 S. Clinton, Sioux City, IA ("first home") in 1999.  Siouxland had a first mortgage on that home.  Sometime after buying the first home, Debtors got a business loan from Siouxland.  The business loan was unsecured and was not related to the mortgage.

On August 29, 2014, Debtors bought a home at 110 38th St. Sioux City, IA ("second home") for $180,000.  Debtors financed the purchase of the second home with a $151,000 mortgage from Primebank.  Debtors paid the remainder of the purchase price by withdrawing about $15,000 from a 401k and by selling a car they owned.

On October 6, 2014, Debtors sold the first home.  Because Debtors were underwater on the first home, they received no net proceeds from the sale.  In fact, Debtors had to pay an additional $1,133 to close the sale.

On May 19, 2015, Debtors filed bankruptcy.  Siouxland is a creditor with an unsecured claim of $517,273.54.  This claim is based on the business loan Debtors received after buying the first home, but before buying the second home.

## DISCUSSION

The Bankruptcy Code gives debtors the choice between the federal exemptions provided in § 522(d) and state law exemptions, unless the state opts out of the federal exemptions.  11 U.S.C. § 522(b)(3)(A) (2014); Hanrahan v. Roberts (In re Roberts), 450 B.R. 159, 164 (Bankr. N.D. Iowa 2011).  Iowa has opted out of the federal exemptions.  Iowa Code § 627.10 (2015) ("A debtor to whom the law of this state applies on the date of filing of a petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. § 522(d).").  Thus, Iowa law governs this issue.

Iowa law entitles "every person" to "exempt from judicial sale" their homestead, as long as "there is no special declaration of statute to the contrary." Iowa Code § 561.16 (2015).  Importantly, however, a "homestead may be sold to

3

satisfy debts . . . contracted prior to its acquisition." Iowa Code § 561.21 (2015).

Nevertheless,

> [w]here there has been a change in the limits of the homestead, or a
> new homestead has been acquired with the proceeds of the old, the
> new homestead, to the extent in value of the old, is exempt from
> execution in all cases where the old or former one would have been.

Iowa Code § 561.20 (2015). Thus, a person is entitled to continuing homestead

protection if they sell their first homestead and use any proceeds from that

homestead to purchase a new homestead. See Richards v. Orr, 92 N.W. 655, 656

(Iowa 1902); John Deere Cmty. Credit Union v. Miller, 810 N.W.2d 896 (Iowa Ct.

App. 2012) ("For instance, if a homestead had been converted to insurance

proceeds, those proceeds substitute for the homestead and 'remain exempt for a

reasonable period of time' in order for the owner to use the proceeds to repair the

homestead or invest in another homestead."); see also LaSalle Bank v. Takes (In re

Takes), 334 B.R. 642, 652 (N.D. Iowa 2005) aff'd, 478 F.3d 902 (8th Cir. 2007)

(citing numerous Iowa cases). If so purchased, these later-acquired homesteads are

exempt up to the full value of the previous homestead, regardless of the amount of

proceeds from the old homestead that a person uses to acquire the new homestead.

Am. Sav. Bank of Marengo v. Willenbrock, 228 N.W. 295, 298 (Iowa 1929). If,

however, the homestead exemption does not carryover from the previous

residence, the new homestead will be liable for all of the debts incurred before its

purchase. Id.

Debtors here argue that the second home is exempt from Siouxland's claim

because the homestead exemption carried over from the first home to the second

home.  Debtors argue that courts apply the homestead exemption liberally and

should do so here.  Debtors also argue that this Court has held that the proceeds

from the first house do not necessarily need to be applied to the second house for

the second house to continue the first home's homestead protection.

Trustee and Siouxland disagree.  Trustee and Siouxland argue that the

second home is not exempt from Siouxland's claim because Debtors did not

purchase the second home with proceeds from the first home.  Trustee and

Siouxland rely on Eighth Circuit caselaw.  Trustee and Siouxland conclude that

Siouxland's unsecured debt—which was incurred between the purchase of the first

and second home—is enforceable against the second home.

Debtor correctly notes that Iowa courts have consistently maintained that the

homestead statute should be broadly and liberally construed in favor of exemption.

See, e.g., In re Estate of Waterman, 847 N.W.2d 560, 567 (Iowa 2014) ("[W]e

construe our homestead statute broadly and liberally to favor homestead owners.");

In re Bly, 456 N.W.2d 195, 199 (Iowa 1990) ("The policy of our law is to jealously

safeguard homestead rights."); Willenbrock, 228 N.W. at 297 ("The law allowing

the exemption is to be liberally construed, and is not to be pared away by

construction so as to defeat its beneficent, sociological, and economic purpose.").

Along the same lines, the Iowa homestead exemption is intended not only to

benefit the debtor, but also is "a matter of public policy." Willenbrock, 228 N.W.

at 297.

Debtor is also correct that this Court has ruled that the homestead exemption

can continue into a new homestead even if it is not purchased with proceeds from

the old homestead. E.g., In re White, 293 B.R. 1, 5 (Bankr. N.D. Iowa 2003). The

Eighth Circuit, however, has since ruled otherwise. Walters v. Bank of the West

(In re Walters), 675 F.3d 1142 (8th Cir. 2012). This Court is bound by Eighth

Circuit precedent.

In Walters, the Eighth Circuit affirmed the bankruptcy court's finding that

under Iowa Code § 561.20 homestead protection did not carry over from the old

home to the new one because the debtor had not acquired the new property with

proceeds of the old property. Id. at 1144. In coming to its decision, the court

relied on "the plain language of § 561.20." Id. The Eighth Circuit found that Iowa

law "limits the 'new homestead' exemption to cases where, in the words of the

statute, 'a new homestead has been acquired with the proceeds of the old.'" Id.

The Eighth Circuit also noted that the Iowa Supreme Court construed this language

the same way in Elliot v. Till, 259 N.W. 460, 463 (Iowa 1935). Id. Walters

controls and resolves this dispute.

6

Debtors homestead is thus not exempt from Siouxland's claim.  The parties

agree that Debtors did not use proceeds from the sale of their first house to

purchase their second home.  Under Iowa Code § 561.20, as interpreted by the

Eighth Circuit in Walters, Debtors here simply cannot claim their homestead as

exempt against a debt incurred between the purchase of their first home and their

current home.

### CONCLUSION

**WHEREFORE**, the Trustee's and Siouxland's objection to Debtors'

homestead exemption is **SUSTAINED**.

Dated and Entered:
    March 29, 2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE